IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON VANDERBECK,

      Plaintiff,                                     CIV. NO. S-11-0992 JAM GGH PS

    vs.

YOU NEVER KNOW, LLC,

                                                 FINDINGS & RECOMMENDATIONS

      Defendant.

_____/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff is proceeding in pro se and in forma pauperis, having filed this action on April 13, 2011. Before this court had the opportunity to screen the complaint and issue an order requiring joint status report which advises the parties of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so, defendant filed a motion to dismiss on July1, 2011. Plaintiff did not file an opposition. By order filed August 2, 2011, the hearing on the motion was vacated due to plaintiff's failure to file an opposition.

        Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. Failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More

broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants); King v. Atiyeh, 814 F.2d 565, 567(1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Jacobsen v. Filler, 790 F.2d 1362, 1364, 1365 (9th Cir.1986) (pro se litigants should not be treated more favorably than parties represented by attorneys).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendant is clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed. In sum, the court now has had much experience resolving pro se cases brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result on the merits, that the law does not provide a remedy for this unfortunate situation.

1       In the alternative, the court has reviewed the motion to dismiss and finds that it has merit.  The only claim in the complaint is for violation of the Protecting Tenants at Foreclosure Act ("PTFA").  Although there is no published Ninth Circuit authority on the issue, several district courts in this circuit have found that the PTFA does not create a private right of action.  <u>BDA Investment Properties LLC v. Sosa</u>, 2011 WL 1810634 at *3 (C.D. Cal. May 12, 2011); <u>Zalemba v. HSBC Bank</u>, 2010 WL 3894577, at *2 (S.D.Cal. Oct.1, 2010); <u>Martin v. LaSalle Bank Nat. Ass'n</u>, 2011 WL 9583 (S.D. Cal. Jan. 3, 2011);  <u>Nativi v. Deutsche Bank Nat'l Trust Co.</u>, 2010 WL 2179885 at *2 (N.D.Cal. May 26, 2010); <u>U.S. v. Lopez</u>, 2010 WL 5233017 at *3 n. 5 (E.D. Cal. Dec. 16, 2010);  <u>Deutsche Bank Nat'l Trust Co. v. Jora</u>, 2010 WL 3943584, at *1 n. 3 (E.D.Cal. Oct.1, 2010).  Therefore, dismissal is recommended on this basis also.

        Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2011

                                        /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

GGH:076/Vanderbeck0992.mtd.wpd

3